IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Radke's, Inc., <br> Sherry Graham, individually and <br> as Administrator for Radke's, Inc., <br> d/b/a Radke Furniture, and <br> Lyndon Graham, individually, <br><br> Plaintiffs, <br><br> v. <br><br> Guarantee Trust Life Ins. Co., <br> Allied National Companies[1], <br> Medical Information Services, and <br> Harold O. Bastian, individually and <br> doing business as Medical Information <br> Systems, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No.  09-CV-1258 |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on

Plaintiffs' objections to removal (d/e's 7, 18), which are construed as

---

[1]The Complaint's caption lists Allied National Companies, Allied National, Inc., Allied Market Services, Allied Administrators, and Allied Brokerage Services as the same corporation.

motions to remand. For the reasons below, the Court recommends that the motions be granted and this case be remanded to state court.

## Background

Plaintiffs filed this case in Knox County Circuit Court in October, 2008, alleging various state claims arising from the denial of Plaintiff Sherry Graham's claim for payment of about $150,000.00 in medical bills incurred in her fight with cancer.

Plaintiffs apparently did not obtain summons to serve their Complaint until June 4, 2009. (d/e 1-1, p.1). Defendant Guarantee Trust Life Insurance Company ("Guarantee") received the Complaint on June 29, 2009[2], and filed its Notice of Removal on July 28, 2009, arguing that the Complaint presented ERISA claims. (d/e 1). Guarantee acknowledged in its Notice that no other Defendant had joined in the removal, but explained that none of the other Defendants had been served. (d/e 1, ¶¶ 3-4).

Plaintiffs objected to removal, contending that Defendant Bastian (the insurance agent) had in fact been served on June 16, 2009. Bastian, though, apparently did not file an appearance in the state action until August 28, 2009, and, according to Guarantee, Plaintiffs did not file a proof

---

[2]Guarantee does not specifically say it was "served" with the Complaint on this date, but the Court assumes so for purposes of this recommendation.

of service on Bastian in state court. (d/e 10, ¶ 10).³ Guarantee purportedly first learned of the June 2009 service on Bastian when it received Plaintiff's objections to removal in this case. Guarantee then promptly moved to amend its Notice of Removal (d/e 17, Ex. D). The Amended Notice was corrected to reflect that Bastian had been served, and also that he had consented to removal. However, Bastian's written consent to removal is undated, and Guarantee does not dispute that it was obtained after Plaintiffs filed their objections to removal. The Court granted Guarantee's unopposed motion to file an Amended Notice and gave Plaintiff time to file a response. (9/24/09 text order). Plaintiffs filed additional objections, arguing essentially that Bastian's late consent could not cure the defect in removal.⁴

## Analysis

Plaintiffs agree that ERISA is a proper grounds for removal, but argue that removal was defective because Bastian was served before removal,

---

³The parties do not submit a docket of the state court proceedings, but Plaintiffs do not dispute Defendant's characterization of those proceedings. Plaintiffs contend "[u]pon information and belief" that proof of service on Bastian would be in the state court file, (d/e 7, para. 4), but they do not dispute Guarantee's assertion that they personally did not file a proof of service. However, that does not necessarily mean that there is no proof of service in the state court proceedings.

⁴It is undisputed that Guarantee and Bastian are the only defendants who have been served thus far.

and Guarantee failed to timely obtain Bastian's consent to removal.  (d/e 7, ¶¶ 5, 16, 16; d/e 18, ¶ 3).

Generally, all defendants who have been served at the time of removal must consent to the removal.  That consent is due within the 30-day time limit for removal.  Andreshak v. Service Heat Treating, Inc., 439 F.Supp.2d 898, 901 (E.D. Wis. 2006)(written consent to removal "must be communicated to the court within thirty days of the date when the removing defendant was served")(consent filed after time expired did not save defective removal); Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447 (N.D. Ill. 1987)("*each* defendant must communicate his consent to the court, . . . , within the thirty-day period.")(emphasis in original).  The 30-day time limit is strictly construed.  Fellhauer, 673 F.Supp. at 1447 (objection is waivable, but when made, "the time limitation is mandatory and must be strictly construed.").   A defendant removing a case must explain the absence of consent from the other defendant(s).  If a defendant has not been served, that defendant's consent is not required for removal. Pianovski v. Laurel Motors, Inc., 924 F.Supp. 86, 87 (N.D. Ill. 1996). Guarantee bears the burden of showing that it has satisfied the removal requirements.  Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993);

Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447 (N.D. Ill. 1987). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." Doe, 985 F.2d at 911.

Guarantee contends that it reasonably believed that Bastian had not been served when Guarantee removed this case. Specifically, Guarantee asserts that:

> Defendant communicated with the Clerk of the Circuit Court of Knox County on two occasions on or about July 21, 2009. On each occasion, the Clerk informed Defendant's counsel that none of the other Defendants, including Harold Bastian, had been served or filed an appearance in this matter."

(d/e 10, ¶ 8).[5] Guarantee also asserts that it did not know, until Plaintiff filed objections to removal, that Bastian had in fact been served in June 2009.

Guarantee posits that its changes to its Notice of Removal are non-substantive. However, Bastian's late consent is more than a technicality. Fellhauer, 673 F.Supp. at 1449 ("it is well settled that the failure to join or gain the consent of all defendants in timely fashion is a substantive defect."). Bastian's consent to removal was due by the time Guarantee's

---

[5] No affidavit is submitted, but the Court assumes this is true for purposes of this recommendation.

Notice of Removal was due, on July 29, 2009 [6], but was not obtained until some time after August 31, 2009, when Guarantee first learned that Bastian had not been served. (d/e 10, ¶ 9). Guarantee's Amended Notice of Removal effectively seeks an exception to the 30-day rule.

Guarantee asserts that Bastian's late consent should be excused because Guarantee timely took steps to determine whether Bastian had been served, and reasonably believed that Bastian had not been served. Though the Court is not without sympathy to this argument, the Court does not believe that Guarantee's inquiries to the court clerk were enough to justify an exception to the 30-day time limit.

First, the Court notes that Guarantee does not contend that it personally checked the state docket, nor is the state docket in the record. Without a record of the state proceedings, the Court can draw no

---

[6]Bastian was served on June 16, before Guarantee was served on June 29. Plaintiff does not argue that the "first-served-defendant-rule" made Guarantee's removal untimely. Under that rule, "unless every defendant is entitled to remove, then no defendant is entitled to remove." Phoenix Container, L.P. v. Sokoloff, 235 F.3d 352, 353 (7th Cir. 2000)(Appellate Court lacked jurisdiction to review remand to state court based on application of first-served-defendant-rule); *see also* Stephens v. Burns & Wilcox, Ltd., 2009 WL 3756444 *4 (S.D. Ill. 2009)(applying the first-served-defendant-rule, but remarking that Seventh Circuit dicta may impliedly adopt a last-served-defendant rule); Fimex, Inc. v. Falcon Mgmt Group, 2009 WL 2486301 *3 (N.D. Ill. 2009)(contrasting first and last-served rules)(not reported in F.Supp.2d). The Court therefore does not address the issue. In any event, the recommendation would be the same under either the first-served or last-served rule.

conclusions about what evidence of service lies in that record.  Relying solely on a court clerk's statements regarding service should be at the risk of the remover, in the Court's opinion.   The court clerk's statements about the status of service do not make it so.

Second, even if Guarantee had independently checked the state court file or docket, the absence of a proof of service or an appearance would not necessarily mean no other defendants had been served.  It might simply mean that those documents have not yet been filed.  See  Pianovski v. Laurel Motors, Inc., 924 F.Supp. 86, 87 (N.D. Ill. 1996).  Pianovski, a case not cited by the parties, is similar to this case, though it is not controlling.  In Pianovski, the removing defendant called the court clerk, who confirmed that no service of process had been filed on another defendant; a law firm employee separately confirmed this and confirmed that no appearance had been filed by that defendant. Unbeknownst to the removing defendant, however, a proof of service had been filed but apparently had not yet been entered in the docketing system.[7]  The district

---

[7]In Pianovski, there was evidence that the clerk took three days to enter a file-stamped document, and five weeks to put the document in the court file.  924 F.Supp. at 87.

court in Pianovski held that the removing defendants' efforts to determine the status of service were not enough:

> A phone call to the Clerk and an instruction to a docketing employee are insufficient to demonstrate diligence. Laurel should have taken further action to determine whether Chase had been served, such as attempting to contact Chase . . .

924 F.Supp. at 87.

This Court agrees with the reasoning in Pianovski. A check of the docket will not necessarily accurately reflect the status of service, particularly where summons has recently issued, as in this case (and probably many other removal cases). For example, in this case summons issued for all the defendants on June 4, 2009. Plaintiffs had 30 days from that date to serve the summons, and the served defendant(s) had an additional 30 days from the date of service to file an appearance. *See* Ill. S.Ct. Rule 101. Thus, a defendant's appearance might not be due until early August, which would be after Guarantee's inquiries to the clerk on July 21. And, if there was a failure to file a return of service by the time of Guarantee's inquiries, that would not necessarily mean that service had not been had. *See* Ill.S.Ct. Rule 102(d)("Failure....to return the summons or file proof of service does not invalidate the summons or the service thereof, if had."); *see also* Pianovski, 924 F.Supp. at 87 (absence of return of service

in docket did not demonstrate lack of service, where it took three days to docket return in computer system); *but see* Milstead Supply Co. v. Casualty Ins. Co., 797 F.Supp. 569 (W.D.Tex.,1992)(consent of defendant not required where return of service on that defendant was filed in court three hours before notice of removal filed). At most, Guarantee's inquiries to the clerk only confirmed what had been filed in the state court as of that date, not who had been served. Guarantee could have confirmed its assumption that Bastian had not been served by contacting Bastian, but, at least on this record, it made no attempts to do so. Nor is there any suggestion that doing so would have been impractical or burdensome. For all these reasons, the Court concludes that Guarantee did not exercise reasonable diligence, within the 30 day period, to determine whether Bastian had been served.

   Guarantee therefore has not borne its burden of demonstrating its removal is proper. The first Notice of Removal does not accurately state the status of service on Bastian, and the Amended Notice does not have a timely consent to removal from Bastian. Because removal was defective, this case should be remanded to state court, which has concurrent jurisdiction over ERISA claims. Cruthis v. Metropolitan Life Ins. Co., 356

F.3d 816, 818 (7th Cir. 2004)(state and federal courts have concurrent jurisdiction over ERISA claims). Plaintiffs do not ask for attorneys' fees and costs under 28 U.S.C. § 1447(c), therefore none are awarded.

WHEREFORE, the Court RECOMMENDS that Plaintiffs' objections to removal, construed as motions to remand (d/e's 7, 18), be granted and this case remanded to Knox County Circuit Court.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   December 3, 2009

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE