**E-FILED**
Wednesday, 23 December, 2009  01:51:24 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RADKE'S INC., SHERRY GRAHAM, individually and as Adminsitrator for Radke's, Inc., d/b/a Radke Furniture, and LYNDON GRAHAM, individually,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GUARANTEE TRUST LIFE INS CO., ALLIED NATIONAL COMPANIES, MEDICAL INFORMATION SERVICES, and HAROLD O. BASTIAN, individually and d/b/a Medical Information Systems,<br><br>　　　　Defendants. | Case No. 09-1258 |

**O R D E R**

On December 3, 2009, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. Defendant Guarantee Trust Life Insurance Co. ("Guarantee Trust") has filed an objection to the Magistrate Judge's recommendation, and this Order follows.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge.  Suffice it to say that Plaintiffs have brought this litigation in state court challenging Defendants' denial of claims for payment of approximately $150,000 in medical bills incurred by Plaintiff Sherry Graham.  It was subsequently removed by Guarantee Trust based on the theory that the Complaint presented claims under ERISA.

Title 28 U.S.C. § 1441(a) allows a defendant to remove to federal court any civil action originally brought in state court if the federal court has original jurisdiction over the matter. As a general rule, all defendants must join in a removal petition in order to effect removal. Chicago, Rock Island, & Pacific Railway Co. v. Martin, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); P. P. Farmers Elevator Co. v. Farmers Elevator Mutual Insurance Co., 395 F.2d 546, 547 (7th Cir. 1968). Because it is incumbent upon a party petitioning to remove a state court case to federal court to allege in the petition "a short and plain statement of the facts which entitle" him to remove, a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants. Id., at 548 (noting that "where the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party or was not served....")

However, pursuant to § 1447(c), "a 'legally defective' removal petition subjects the case to remand on the ground that the case had been 'improvidently' removed." Northern Illinois Gas Co., 676 F.2d at 273, *citing* Ryan v. State Board of Elections of State of Illinois, 661 F.2d 1130, 1133 (7th Cir. 1981); Shaw, 994 F.2d at 366. Here, the first Notice of Removal is inaccurate in asserting that Defendant Bastian had not been served. The right to remove clearly existed, but the petition for removal was procedurally defective. The Court concurs with the recommendation that the record presently before the Court indicates that the removal of this action from state court was defective, thereby entitling Plaintiff to remand upon timely motion as recommended by the Magistrate Judge.

Section 1447(c) provides in relevant part that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Guarantee Trust now objects to remand on the grounds that Plaintiffs' request for remand was not filed within 30 days of the removal, citing Shaw v. Dow Brands, 994 F.2d 364, 368 (7th Cir. 1993), for the proposition that failure to consent to a removal is a procedural defect that is waived unless an objection is raised within 30 days of the date of removal. As the Notice of Removal was filed in this case on July 28, 2009, and Plaintiffs did not object to the removal until August 28, 2009, Guarantee Trust maintains that any objection to the defective removal has been waived. The Court agrees that Plaintiffs' objection was filed one day too late.

The Seventh Circuit has made clear that if a motion for remand is not filed within the 30 days after the filing of the notice of removal, non-jurisdictional objections to removal such as the one now before the Court are waived. In re: Continental Casualty Co., 29 F.3d 292, 294-95 (7th Cir. 1994). "Just as defendants who want to remove need to act promptly and obtain support from other parties, so plaintiffs who want to remand need to act promptly." Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994), *overruled on other grounds by* Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). The 30-day limit prevents the "shuttling of cases between state and federal court," as well as "extended litigation that does no more than determine where litigation shall proceed." Id., at 295. Although the failure of Defendant Bastian to consent to the removal could have justified remand, Plaintiffs failure to timely object to the removal results in the waiver of this objection, and the matter will remain in federal court. *See* Doe v. GTE Corp., 347 F.3d

655, 657 (7th Cir. 2003); Roe, 38 F.3d at 302 (holding that a party who remains silent intentionally or by forfeiture, accepts the federal forum.)

Accordingly, the Court now declines to adopt the Report & Recommendation [#21] of the Magistrate Judge. Plaintiffs' Objections to Removal, which are construed as Motions for Remand [#7, #18] are DENIED.[1]  This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 23rd day of December, 2009.

          s/ Michael M. Mihm
          Michael M. Mihm
          United States District Judge

---

[1] Guarantee Trust filed an amended notice of removal on September 24, 2009. Plaintiffs objected to the amended notice on October 7, 2009. Although this objection was filed within 30 days of the filing of the amended notice, Plaintiffs had already waived their objection to the procedural defects in the original notice of removal and the Court has found no authority suggesting that such a waiver can be ignored in the event that an amended notice is subsequently filed in an attempt to correct the deficiencies.