IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Radke's Inc., an Illinois Corporation, ) <br> Sherry Graham, individually, ) <br> Sherry Graham as Administrator ) <br> for Radke's, Inc., d/b/a Radke's ) <br> Furniture, and Lyndon Graham, ) <br> individually, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>         v. ) <br> ) <br> Guarantee Trust Life Insurance Co., ) <br> Allied National Companies, ) <br> Allied National, Inc., ) <br> Allied Marketing Services, ) <br> Allied Administrators, ) <br> Allied Brokerage Services, ) <br> Medical Information Services, and ) <br> Harold O. Bastian, individually and ) <br> d/b/a Medical Information Systems, ) <br> ) <br>     Defendants. | No. 09-CV-1258 |

**REPORT AND RECOMMENDATION**

This case is before the Court for a Report and Recommendation on the motions to dismiss by Defendants Guarantee Trust Life Insurance

Company and Harold Bastian (d/e's 4, 12).[12] For the reasons below, the court recommends that the motions be granted in part and denied in part.

## Motion to Dismiss Standard

Federal notice pleading standards apply to state claims proceeding in federal court. Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing, 536 F.3d 663, 670 (7th Cir. 2008). To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the "' . . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] The "Allied" Defendants have not filed a motion to dismiss.

[2] In addition to moving to dismiss for failure to state a claim, the motion by Guarantee Trust Life Insurance Company moves to strike certain allegations and moves for a more definite statement.

draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009), *citing* <u>Twombly</u>, 127 S.Ct. 1955. Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of truth." <u>Id.</u> at 1951. Additionally, Fed. R. Civ. P. 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

## Allegations

Plaintiff Radke's, Inc. ("Radke's"), owns and operates Radke Furniture in Galesburg, Illinois. Plaintiffs Sherry Graham and Lyndon Graham are employees and officers of Radke's, and are married to each other.

In November 2003, Sherry Graham, as "administrator" for Radke's, changed the health insurance policy for Radke's employees to a policy issued by Defendant Guarantee Trust Life Insurance Company ("Guarantee"). The contract is attached to the Complaint, but a more

legible and complete copy appears to be attached to Guarantee's motion to dismiss.  (d/e 5, ex. D).³

The decision to change health care coverage was based on alleged false "[r]epresentations regarding the cap in benefits . . . that the cap was $100,000.00 per 12 consecutive month period, and . . . other misrepresentations about coverage."  (Complaint ¶ 15).  In reliance on these misrepresentations, Plaintiffs gave up a "much higher quality insurance policy in favor of [Guarantee's policy]."  (Complaint ¶ 22).⁴

Subsequent to the coverage change, Sherry Graham was diagnosed with cancer and incurred medical bills for treatment.  Though the bills were within the coverage provided by Guarantee's policy, Guarantee refused to pay about $150,000 of them.  Plaintiffs then filed this action in state court, alleging claims for breach of contract, vexatious delay, common law fraud and statutory consumer fraud.  They seek $150,000, plus punitive damages, attorney's fees, and costs.  Guarantee removed the case to

---

³The contract may be considered since it is central to the claims and attached to the Complaint, but the Court found it unnecessary to refer to the contract to resolve the issues raised in the motion to dismiss.

⁴ It appears from the ERISA notice that the "Allied" defendants provided "administrative services" to Guarantee pursuant to an agreement with Guarantee. (d/e 5, p. 72).

federal court, and objections to removal were resolved in favor of the defendants. The motions to dismiss are accordingly ripe for consideration.

## Analysis

I.   **Defendant Guarantee**

   A.   **Count I (breach of contract) is preempted by ERISA, to the extent it is based on state law.  Count I does, however, state a federal ERISA claim for benefits by Plaintiff Sherry Graham.**

Plaintiffs do not dispute that the health insurance plan is an "employee benefits plan" governed by ERISA.  As such, Count I is preempted by ERISA, to the extent it pursues a breach of contract claim based on state law.  Kannapien v. Quaker Oats Co., 507 F.3d 629, 640 (7th Cir. 2007)(state law contract and promissory estoppel claims preempted by ERISA).

Count I does, however, state a federal claim for benefits under 29 U.S.C. § 1132(a)(1)(B).  Count I alleges that Sherry Graham "incurred many thousands of dollars of medical bills after being afflicted with cancer." (Complaint ¶ 10).  These bills "were within the coverage limits of Exhibit A." (Complaint ¶¶ 10-11)(Exhibit A is the plan document).  "After due demand for payment, Defendant, Guarantee Trust Life Insurance Company refused to pay." Id. ¶ 12.

Although bare bones, these allegations are not vague and give enough notice of Mrs. Graham's claim for Guarantee to respond. They also plausibly suggest a right to relief—i.e., she applied for benefits due her under the plan document, which Guarantee denied.

Guarantee also argues that Plaintiffs fail to allege that they "have satisfied the conditions precedent to coverage under the Plan" and failed to allege exhaustion of administrative remedies. (d/e 5, pp. 8-9). However, failure to exhaust is an affirmative defense, and generally a plaintiff is not required to negate affirmative defenses in her Complaint. See Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003)("a plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint"). In the case cited by Guarantee, Adams v. Ameritech Services, Inc., 231 F.3d 414, 430 (7th Cir. 2000), the plaintiffs did not fail to *allege* exhaustion of their ERISA claims; they failed to prove it at summary judgment. A plaintiff might plead herself out of court on exhaustion, but Sherry Graham has not done so. See Zhou v. Guardian Life Ins. Co. of America, 295 F.3d 677 (7th Cir. 2002)(affirming dismissal of ERISA complaint based on failure to exhaust, but plaintiff had conceded the issue). She argues in her response that the exhaustion requirement has

either been satisfied or should be excused. (d/e 14-3 p. 1).[5] Even if Mrs. Graham had admitted that she did not exhaust, whether grounds exist to excuse that requirement is better determined at summary judgment. *See* Wilcynski v. Lumbermens Mutual Casualty Company, 93 F.3d 397, 402, 404-405 (7th Cir. 1996)(reversing (12)(b)(6) dismissal on grounds that exception to exhaustion rule was adequately alleged--listing cases decided on summary judgment as examples of Court's application of exhaustion doctrine on "more plenary" record).   As for satisfying other "conditions precedent,"the allegations that benefits were due under the plan implies that those conditions were satisfied.  More detail is not required at this stage, in the Court's opinion.

Thus, Sherry Graham's § 1132(a)(1)(B) claim should proceed. However, Radke, Inc., and Lyndon Graham cannot pursue a §1132(a)(1)(b) claim, because they were not denied benefits owed them under the plan.  29 U.S.C. § 1132(a)(1)(B) creates a cause of action for a beneficiary to enforce rights and benefits "due *to him* under the terms of the plan."  (Emphasis added); 29 U.S.C. § 1002(7)("The term 'participant' means any employee or former employee of an employer, . . . who is or

---

[5]The Court notes that part of Plaintiff's response appears to be an incomplete draft.  *See* d/e 14-8 p. 11-12.

may become eligible to receive a benefit of any type from an employee benefit plan."); 29 U.S.C. § 1002(8)("The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."). Only Sherry Graham, individually, can pursue the claim for denial of benefits owed her. Count I should accordingly be construed as an ERISA claim for benefits by Sherry Graham, under 29 U.S.C. § 1132(a)(1)(B).

Additionally, the Court agrees with Guarantee that paragraph 14 of the Complaint does not belong in Count I. Paragraph 14 alleges that Plaintiffs "have been damaged by such reliance in that they have given up a much higher quality insurance policy . . . ." While this allegation may be relevant to the fraud claims, it is not relevant to the ERISA claim for benefits. The allegation is confusing in count I, and it is already stated twice in counts III and IV (the fraud claims). Accordingly, the Court will recommend that paragraph 14 of the Complaint be stricken as immaterial to the ERISA denial of benefits claim and redundant to the fraud claims.

**B.    Count II (vexatious delay) is preempted by ERISA.**

Count II pursues a claim for "unreasonable and vexatious delay" under 215 ILCS 5/155. Guarantee argues that this claim is preempted by

ERISA, an argument that is supported by case law.  For a state law to escape ERISA preemption, the law "must be specifically directed toward entities engaged in insurance[,] . . . [and] substantially affect the risk pooling arrangement between the insurer and the insured." Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 342 (2003).   215 ILCS § 155 penalizes insurance companies for unreasonably delaying payment; it does not "affect the risk pooling arrangement between the insurer and the insured." Id; Langworthy v. Honeywell Life and Accident Insurance Plan, 2009 WL 3464131 *3 (N.D. Ill. 2009)(not reported in F.Supp.2d)(255 ILCS § 155 claim preempted by ERISA);  Jacobson v. Humana Insurance Co., 2005 WL 1563154 * 5 (N.D. Ill. 2005)(not reported in F.Supp.2d)(255 ILCS § 155 claim preempted by ERISA, citing other Northern District courts in accord).

   Plaintiffs have not addressed the merit of Guarantee's argument, instead arguing that the claim should remain until the propriety of removal has been determined. (d/e 14-6, p.1).  The District Court determined on December 23, 2009, that removal was proper, (d/e 23), but Plaintiffs did not attempt to amend their argument on this count.  The cases cited above indicate that Guarantee's position is correct, and, in the absence of any

argument from Plaintiffs, the Court concludes that Count II should be dismissed because it is preempted by ERISA.

    **C.    Counts III (common law fraud) and Counts IV (consumer fraud) are not redundant. However, the claims should be dismissed without prejudice to repleading, because they lack the particularity required under Fed. R. Civ. P. 9(b). A decision on preemption should await those more particular allegations.**

Guarantee asserts that the common law fraud count and consumer fraud counts are duplicative, but they are not. See Gehrett v. Chrysler Corp., 379 Ill.App.3d 162, 172, 175 (2d Dist., 2008)(unlike common law fraud, statutory consumer fraud does not require reliance by the victim). Plaintiffs can pursue different causes of action based on the same set of facts, though they can recover only once for the injury. Id. at 175.

The Court agrees with Guarantee, however, that the fraud claims are not stated with the particularity required under Fed. R. Civ. P. 9(b).

> Under Rule 9(b), a plaintiff must state with particularity "all averments of fraud or mistake." *Fed.R.Civ.P. 9(b); see also Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1078 (7th Cir.1997). The circumstances of fraud or mistake include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Gen. Elec. Capital,* 128 F.3d at 1078 *(quotation omitted); see also DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990) (describing Rule 9(b) particularity as "the who, what, when, where, and how: the first paragraph of any newspaper story").

Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing, 536 F.3d 663, 668 (7th Cir. 2008).

    Plaintiffs do appear to state one misrepresentation—that "the cap in benefits . . . was $100,000.00 per 12 consecutive months periods . . . ." (Complaint ¶ 15). Yet they do not explain how this was a misrepresentation. They also do not state who made that misrepresentation, or when, where, how and to whom. The allegation that all of the Defendants made the misrepresentation is not specific enough to satisfy Rule 9(b). Plaintiffs should have this information within their knowledge, since they allegedly relied on those misrepresentations in choosing the Guarantee policy. The Court will therefore recommend that the fraud counts be dismissed without prejudice to repleading.

    Guarantee also argues that the fraud claims are preempted because they "relate to" an employee welfare benefit plan. Guarantee does not develop this argument in its brief, nor have the Plaintiffs responded to it.

    The fraud claims would clearly be preempted to the extent they seek to enforce Sherry Graham's claim for benefits under the plan. Kannapien v. Quaker Oats Co., 507 F.3d 629, 640 (7th Cir. 2007)("'[a] suit to enforce a claim for benefits under an ERISA plan can be brought only under ERISA; parallel state law remedies are preempted.'")(quoted cite omitted).

However, the fraud claims might escape preemption if they avoid "'mandat[ing] employee benefit structures or their administration'"; "bind[ing] employers or plan administrators to particular choices or preclud[ing] uniform administrative practice"; or "provid[ing] an alternative enforcement to ERISA." Trustees of the Aftra Health Fund v. Biondi, 303 F.3d 765, 775 (7th Cir. 2002)(trustees' common law fraud claim against participant for intentionally failing to notify trustees of divorce was not preempted by ERISA); *compare with* Powers v. Corn Products International, Inc., 557 F.Supp.2d 928, 935 (N.D. Ill. 2008)("Even where federal law provides no remedy for alleged misrepresentations with respect to an employer health care plan, ERISA still preempts the state law misrepresentation claim."); Maatman v. Lumbermens Mutual Casualty Company, 2010 WL 415384 * 5 (N.D. Ill. 2010)(state law fraud claims for recovery of benefits preempted by ERISA; claim arose from existence of ERISA plan and its administration). Additionally, a fraud claim against Bastian (the insurance agent) may not present preemption concerns if he was not a plan fiduciary or administrator. *See* Daniels v. Bursey, 2003 WL 22053580 *6-7 (N.D. Ill. 2003)(not reported in F.Supp.2d)(claims against insurance companies under Illinois Consumer Fraud Act for fraudulent inducement to adopt ERISA plan were not preempted); *compare*

*with* Anderson v. Humana, Inc., 24 F.3d 889, 891 (7th Cir. 1994)(consumer fraud act claim against HMO sponsor regarding incomplete information which "bilked" consumers into electing HMO over other providers was preempted).

It seems likely that Plaintiff's state law fraud claims against Guarantee are preempted, because they appear to be an alternative remedy to obtaining benefits promised under the plan.[6] However, without more detail on the underlying factual basis for the fraud claims, the Court cannot conclude this with certainty. *See* Maatman, 2010 WL 415384 * 4 ("Of course, not all state-law fraud, unjust enrichment, and breach of fiduciary claims would be preempted by ERISA, making an examination of Maatman's particular claims necessary."). The Court accordingly recommends that a decision on preemption of the fraud claims await more particular repleading.

---

[6]As for federal claims based on fraudulent misrepresentations, a beneficiary under an ERISA plan generally cannot rely upon oral representations, "when the representation is contrary to the written terms of the plan and those terms are set forth clearly." Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 588 (7th Cir. 2000). If Plaintiffs are pursuing some sort of ERISA estoppel claim, the misrepresentation generally must have been in writing. *See* Orth v. Wisconsin State Employees Union Counsel 24, 546 F.3d 868, 873 (7th Cir. 2008); Int'l Union of United Auto, Aerospace & Agric. Implement Workers of America v. Rockford Powertrain, Inc., 350 F.3d 698, 705 (7th Cir. 2003); Trustmark Insurance Co. v. Schuchman, 2004 WL 1622094 * 15-16(S.D. Ind. 2004)(not reported in F.Supp.2d)(oral misrepresentations by insurance agent did not make out ERISA estoppel claim because misrepresentations were contrary to plan's plain terms).

## II. Defendant Bastian

Plaintiffs agree that count I is not against Bastian and his company. (d/e 19, p. 5). Bastian is the insurance agent who, through his company, allegedly sold the Guardian plan to Radke, Inc.. Bastian and his company did not deny Mrs. Graham's benefits under that plan. For the same reason, Count II states no claim against Bastian, and it is preempted by ERISA anyway for the reasons discussed above. The fraud claims (counts III and IV) fail to state a claim for fraud against Bastian for the same reason they fail to state a claim against Guardian—the allegations do not meet Rule 9(b)'s requirements.

Count V is entitled "breach of duty as agent." It alleges that Bastian was acting either as Plaintiff's sole agent, or as a dual agent between Guarantee and Plaintiffs. (Complaint ¶ 24). It then incorporates by reference the remaining allegations of the complaint. The Court agrees that this does not give enough factual information to plausibly suggest that Bastian breached a legal duty to Plaintiffs. Plaintiffs clarify in their response that Bastian made misrepresentations about the cap, but this is effectively a reiteration of the fraud claim that needs to be pled with particularity. There is simply not enough information to determine what actions Bastian took that amounted to a breach of a legal duty owed

Plaintiffs. The Court will accordingly recommend that Count V be dismissed without prejudice to repleading.

WHEREFORE, the Court RECOMMENDS that the motion by Guarantee Trust Life Insurance Company be granted in part and denied in part (d/e 4). The Court recommends that count II (unreasonable and vexatious delay under 215 ILCS 5/155) be dismissed as preempted by ERISA. The Court further recommends that paragraph 14 in count I of the Complaint be stricken as immaterial and redundant. The Court also recommends that counts III and IV (the fraud counts) be dismissed without prejudice to repleading. The Court recommends that Guarantee's motion otherwise be denied.

The Court FURTHER RECOMMENDS that the motion to dismiss by Defendant Bastian be granted (d/e 12), but without prejudice to repleading counts III, IV and V.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

ENTER:    March 29, 2010

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE