UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RADKE'S INC., SHERRY GRAHAM, )<br>individually and as Adminsitrator for )<br>Radke's, Inc., d/b/a Radke Furniture, and )<br>LYNDON GRAHAM, individually, )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>GUARANTEE TRUST LIFE INS CO., )<br>ALLIED NATIONAL COMPANIES, )<br>MEDICAL INFORMATION SERVICES, )<br>and HAROLD O. BASTIAN, individually )<br>and d/b/a Medical Information Systems, )<br>  )<br>Defendants. ) | Case No. 09-1258 |

**O R D E R**

On March 29, 2010, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. More than ten (10) days have elapsed since the filing of the Report & Recommendation, and no objections addressing the substance of the Report & Recommendation have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). As the parties failed to present timely objections, any such objections have been waived. Id.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiffs brought this litigation challenging Defendants' denial of claims for payment of approximately $150,000

in medical bills incurred by Plaintiff Sherry Graham.  Defendants Guarantee Trust Life Insurance ("Guarantee Trust") and Harold Bastian ("Bastian") have moved to dismiss the Complaint for failure to state a claim.

For the reasons set forth in the comprehensive Report & Recommendation of the Magistrate Judge, the Court agrees that Count I is preempted by ERISA to the extent that it is based on state law, but does provide sufficient notice to state a federal claim for denial of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), on behalf of Sherry Graham, individually.  The Court further agrees that paragraph 14 shall be stricken from the Complaint as immaterial to the claim asserted in Count I.  The Claim in Count II for unreasonable and vexatious delay under 215 ILCS 5/155 shall be dismissed as preempted by ERISA.  The common law fraud and consumer fraud claims alleged in Counts III and IV are dismissed without prejudice with leave to replead to cure the failure to plead with particularity required under Fed. R. Civ. P. 9(b).

The Court further concurs that Counts I and II state no claim against Bastian and that Counts III and IV must be dismissed without prejudice with leave to replead to cure the failure to plead with particularity required under Fed. R. Civ. P. 9(b).  With respect to Count V, the Magistrate Judge correctly recommended that the allegations lack sufficient information to determine whether any actions taken by Bastian could possibly state a claim for breach of any legal duty owed by him and should be dismissed with leave to replead.

Accordingly, the Court now adopts the Report & Recommendation [#33] of the Magistrate Judge.  Guarantee Trust's Motion to Dismiss [#4] is GRANTED IN PART and DENIED IN PART; Count II is dismissed as preempted by ERISA, and Counts III and IV are dismissed without prejudice with leave to replead.  Bastian's Motion to Dismiss [12#]

is GRANTED without prejudice to replead Counts III, IV, and V.  This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 26th day of April, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
