## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Radke's Inc., an Illinois Corporation, Sherry Graham, individually and as Administrator for Radke's, Inc., d/b/a Radke's Furniture, and Lyndon Graham, individually, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 09-CV-1258 |
| v. | ) ) | |
| Harold O. Bastian, individually and d/b/a Medical Information Services,[1] | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiffs move to transfer this case back to state court.  For the reasons below, the Court recommends that the motion be granted.

### Background

Plaintiffs filed this case in Knox County Circuit Court in October, 2008, pursuing claims arising from the denial of Plaintiff Sherry Graham's claim for payment of medical bills incurred in her fight with cancer.  Plaintiffs pursued state

---

[1]In his amended complaint filed on July 26, 2010, Plaintiff dropped the following defendants, whom he had named in his original complaint:  Guarantee Trust Life Insurance Co., Allied National Companies, Allied National, Inc., Allied Marketing Services, Allied Administrators, Allied Brokerage Services, Medical Information Services.  Defendant Bastian is the only defendant left, and is being sued individually and as doing business as Medical Information Services.

law claims for breach of contract, vexatious delay, common law fraud, statutory consumer fraud, and breach of agent duty.  The defendants named in the original complaint were Harold Bastian, an insurance agent who had allegedly made false representations about the health insurance coverage he induced Plaintiffs to purchase; Guardian Trust Life Insurance Company, which had refused to pay the claims;  and Allied National Companies, whose involvement is unclear.  The case was removed to federal court, and objections to removal were resolved in favor of the defendants.

After removal, the breach of contract claim (count I in the original complaint) was found to be completely preempted by ERISA, but was recharacterized as an ERISA claim for benefits.  The claim for unreasonable and vexatious delay (count II) was dismissed as completely preempted by ERISA. The fraud counts (counts III and IV) were dismissed without prejudice to repleading, as was the breach of duty claim (count V).  (4/26/10 Order, adopting this Court's Recommendation).

On July 26, 2010, Plaintiffs, represented by new counsel, filed an amended complaint, dropping the ERISA claim and dropping all the defendants except for Harold Bastian, individually and doing business as Medical Information Services. Simultaneously, Plaintiffs filed a motion to transfer this case back to state court. (d/e 45).  Bastian was granted extensions to respond to the motion to transfer until the old and new policies referred to in the amended complaint were

produced.  Investigation thus far has not uncovered a copy of the old insurance policy, so Plaintiffs filed another amended complaint to reflect that problem. (Amended Complaint, d/e 51).

In the amended complaint Plaintiffs pursue claims against Bastian for common law fraud, statutory consumer fraud, and breach of duty as agent. They allege that Bastian knowingly misrepresented that the health coverage policy he was selling was comparable to Plaintiffs' current coverage and had a benefits cap of $100,000 per 12 consecutive months.  (Amended Complaint, d/e 44, ¶¶ 14-15).  Allegedly relying on these misrepresentations, Sherry Graham switched health insurance coverage for Radke's, Inc., and its employees.   After the switch, she was diagnosed with cancer and had to undergo treatment. Bastian allegedly obtained Sherry Graham's signature on a document while she was under heavy sedation at the hospital.  She was allegedly unaware of what was occurring and did not understand that the document Bastian had her sign was an acknowledgment that the policy was a supplemental policy only. (Amended Complaint, d/e 44, ¶¶ 20- 22).  Bastian also allegedly backdated the document.  (Amended Complaint, d/e 44, ¶ 23).

## Analysis

Plaintiffs seek to transfer this case back to state court because they have dropped their ERISA claims as well as the defendants who might arguably be

sued under ERISA.  They assert that "there are no other claims which would bring this matter under the jurisdiction of this Honorable Court."  (d/e 45, ¶ 5).

If Plaintiffs mean that the district court lost jurisdiction when the ERISA claims were dropped, that is incorrect.  Jurisdiction was determined at the time of removal.  Prince v. Rescorp Realty, 940 F.2d 1104, 1105 n. 2 (7th Cir. 1991).  Dropping the ERISA claim after the case was properly removed did not deprive the district court of jurisdiction, even if the only claims remaining are state claims.  Id.; In re Bridgestone/Firestone, Inc., 128 F.Supp.2d 1198, 1201-02 (S.D. Ind. 2001)(deletion of federal claim after removal did not eliminate subject matter jurisdiction).  The district court may, however, decline to exercise supplemental jurisdiction over these state law claims if all the federal claims have dropped out.  Sullivan v. Conway, 157 F.3d 1092, 1095 (7th Cir. 1998)("if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over the state-law claims.").

Defendants contend that the case should stay here because the remaining claims are completely preempted by ERISA.  "Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim."  Franciscan Skemp Healthcare, Inc. v.  Central States Joint Bd. Health and Welfare Trust Fund, 538

F.3d 594, 596 (7th Cir. 2008).   If complete preemption applies, Plaintiffs' state law claims must be recharacterized as ERISA claims, regardless of their label and regardless of whether relief is actually available under ERISA.  Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1487 (7th Cir. 1996).  If complete preemption applies, the claims against Bastian are effectively dead, because there is no suggestion that Bastian can be sued under ERISA.

Conflict preemption, in contrast to complete preemption, is not about federal jurisdiction.  It is an affirmative defense against a state law claim.  *See* 29 U.S.C. §1144(a)(ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.");  *see, e.g.,* Laborers' Pension Fund v. Lake City Janitorial, Inc., — F.Supp.2d —, 2010 WL 5423745 *4 (N.D. Ill. 2010)(ERISA did not preempt common law fraud claim, applying 29 U.S.C. § 1144(a)).  The existence of a "conflict preemption" defense does not confer federal jurisdiction over a claim.  Franciscan, 538 F.3d at 601; Jass, 88 F.3d at 1487.  Thus, if Plaintiffs' remaining state claims are not subject to complete preemption, the fact that a conflict preemption defense might exist does not require the district court to retain jurisdiction.  In that event, the district court could decline supplemental jurisdiction, leaving the determination of conflict preemption to the state court.

The Supreme Court outlined the analysis for determining whether ERISA completely preempts a state law claim in <u>Aetna Health Inc. v. Davila</u>, 542 U.S.. 200, 209 (2004):

> "[I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B).... In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)."

<u>Franciscan</u>, 538 F.3d at 597, quoting <u>Davila</u>, 542 U.S. at 210.[2]

In <u>Franciscan</u>, a health care provider confirmed with a representative of a benefit plan that a patient was covered under the plan. Relying on this representation, treatment was provided to the patient, only to later discover that the patient was not covered because she had failed to pay her COBRA premiums. 538 F.3d at 595. The health care provider sued the plan in Wisconsin circuit court, pursuing claims of negligent misrepresentation and estoppel. The defendant removed the case to federal court on grounds of complete preemption, and the district court agreed, recharacterizing the claims and then dismissing them for failure to state claims under ERISA.

_____

[2] The <u>Davila</u> analysis has displaced the three-part analysis under <u>Jass</u> that the parties discuss. <u>Franciscan</u>, 538 F.3d at 597 n. 1.

The Seventh Circuit reversed, holding that the state law claims were not completely preempted:

> Franciscan Skemp is bringing these claims of negligent misrepresentation and estoppel, not as Romine's assignee, but entirely in its own right. These claims arise not from the plan or its terms, but from the alleged oral representations made by Central States to Franciscan Skemp. Franciscan Skemp could bring ERISA claims in Romine's shoes as a beneficiary for the denial of benefits under the plan; but it has not. In fact, Franciscan Skemp does not at all dispute Central States's decision to deny Romine coverage. Franciscan Skemp acknowledges that Romine is not entitled to benefits, because she failed to make her COBRA premium payments. It would be odd indeed, then, to conclude that Franciscan Skemp is standing in Romine's shoes as a beneficiary seeking benefits when Franciscan Skemp acknowledges that Romine is not actually entitled to any benefits. Franciscan Skemp is basing its claims on a conversation to which Romine was not even a party. Thus Franciscan Skemp is not and could not be "standing in her shoes" or asserting her rights. Franciscan Skemp is bringing its own independent claims, and these claims are simply not claims to "enforce the rights under the terms of the plan." ERISA § 502(a)(1)(B).

538 F.3d at 597-98. The Seventh Circuit concluded that the state law claims could not have been brought as a claim for benefits under ERISA, and that the legal duty to avoid misrepresentation arose from Wisconsin law, not from ERISA or the plan terms. The case was remanded to state court for lack of subject matter jurisdiction. 538 F.3d at 601.

Franciscan is relevant because it is an example of the application of the Davila factors, even though the plaintiffs here are not health care providers. Franciscan's application here is limited, though, because of that difference.

The Seventh Circuit in <u>Franciscan</u> stressed that the health care provider was pursuing its own rights, not standing in the shoes of the plan beneficiary.

This difference would likely be critical if Plaintiffs were suing the plan, but they are not. For example, the case cited by Bastian, <u>Mahon v. Cyganiak Planning, Inc.</u>, 41 F.Supp.2d 910, 917 (E.D. Wis. 1999), discussed the issue of vicarious liability against an ERISA plan based on an insurance agent's misrepresentations. The insurance planning agency allegedly misrepresented the extent of coverage for cancer treatment under an employer's plan. In reliance on that representation, the plaintiffs chose the plan as their primary health insurance coverage. When the plan subsequently refused to cover a bone marrow transplant, the plaintiffs sued the insurance agent for negligence, misrepresentation and tortious interference with a contractual relationship. They also sued the insurance agency and the insurer on grounds of vicarious liability. It was undisputed that the plan's terms did not cover the bone marrow transplant.

The district court in <u>Mahon</u> held that "ERISA completely preempts claims of vicarious liability brought against an ERISA-plan insurer for a misrepresentation by its agent regarding the terms of a plan."[3]  41 F.Supp.2d

---

[3]The Seventh Circuit in <u>Jass</u> held that a claim for vicarious liability against a plan based on a physician's malpractice was not completely preempted by ERISA, but then concluded that it was barred anyway by the doctrine of conflict preemption. 88 F.3d at 1488, 1492-1495. <u>Jass</u> adhered to an earlier Seventh Circuit case, <u>Rice v. Panchal</u>, 65 F.3d 637 (7th Cir. 1995), which held that a respondeat superior claim against a plan

at 917.   The court was careful, however, to limit its holding to that statement.

Id.  The claims against the insurance agent individually were not discussed.[4]

Similarly, the Seventh Circuit in Pohl v. National Benefits Consultants, Inc., 956 F.2d 126 (7th Cir. 1992), held that state claims for negligent misrepresentation against an ERISA plan were preempted by ERISA, even though ERISA provided no remedy for the misrepresentation.  An employee of the plan administrator had misrepresented to the plaintiffs that the plan would cover 80% of costs to treat a psychiatric illness, when in fact the plan only covered up to $10,000.  The Seventh Circuit reasoned that an important purpose of ERISA is to protect a plan's financial integrity by limiting benefits to the plan's written terms.  The Court concluded, "This purpose would be thwarted if participants could maintain suits against a plan administrator that were based on oral representations of coverage."  956 F.26 at 128.

Mahon and Pohl involved claims by a beneficiary against the plan itself, not claims against the individual who made the misrepresentation Bastian. Mahon was careful to limit its holding, and the Seventh Circuit in Pohl expressly stated, "We need not consider whether [the plaintiffs] could have

_____

administrator based on a doctor's negligence was not completely preempted by ERISA.

[4]It appears from the docket sheet in Mahon that the case was remanded to state court after the plan insurer was dismissed.  Mahon v. Cyganiak Planning, Inc., 98-cv-00624 (E.D. Wis., Judge Stadtmueller)(8/8/2000 order granting plaintiff's motion to reconsider remand)(retrieved from Pacer Service Center on 2/4/11, https://pacer.uspci.uscourts.gov).

obtained damages from the employee who they claim misled them, rather than from the plan administrator itself. They did not name the employee as a defendant." 956 F.2d at 129.[5] <u>Mahon</u> and <u>Pohl</u> therefore do not point toward complete preemption of these claims, in the Court's opinion.

Applying the principles from the above cases, the Court concludes that Plaintiffs' claims against Bastian are not completely preempted by ERISA. Plaintiffs' claims cannot fairly be characterized as claims for plan benefits. They do not seek benefits from the plan, nor could they, since they have conceded that the plan does not cover the amounts they seek. They do not seek to hold the plan liable, either directly or vicariously, nor are they trying to modify the terms of the plan (which they could not do anyway based on oral misrepresentations). *See* <u>Plumb v. Fluid Pump Service, Inc.</u>, 124 F.3d 849, 856 (7th Cir. 1997)("if the written terms of an ERISA plan do not entitle the claimant to the coverage sought, benefits will not be forthcoming on the basis of oral representations to the contrary"). The resolution of these state claims will have no effect on the administration or the pocketbook of any ERISA plan.

Additionally, the claims against Bastian do not arise from ERISA violations or violations of the plan itself, but from violations of legal duties

_____

[5]It appears that <u>Pohl</u> was decided in the context of conflict preemption, not complete preemption, 956 F.2d at 127, but that is not important in this context. <u>Pohl</u> is important here for its statement stressing that it was not deciding whether claims could proceed against the individual who made the misrepresentation.

independently imposed by state tort and statutory laws.  *See, e.g.,* <u>Golf v. Henderson</u>, 376 Ill.App.3d 271 (3rd Dist. 2007)(claim against insurance agent was adequately stated under Consumer Fraud Act where agent allegedly misrepresented policy's content); <u>Cincinnati Ins. Co. v. Guccione</u>, 308 Ill.App.3d 220, 225 (2d Dist. 1999)("the relationship between an insured and his broker is fiduciary. . . (citation omitted); 735 ILCS 5/2-2201(a)-(b) (insurance producer "shall exercise ordinary care and skill in . . . placing the coverage requested by the insured . . . .; " but no civil liability for breach of fiduciary relationship).  Further, Plaintiffs were not even beneficiaries under the plan at the time the alleged misrepresentations by Bastian were made, because the plan had not yet been purchased.  *See* <u>Neuma, Inc. v. AMP, Inc.</u>, 259 F.3d 864, 880 (7th Cir. 2001)( claim that plan administrator misrepresented value of policy to induce plaintiff to purchase policy was not completely preempted, because misrepresentations were made before purchase).

For these reasons the Court concludes that Plaintiffs' claims are not completely preempted under the standard set forth in <u>Davila</u>.  The fact that the policies will be relevant evidence does not change the conclusion in the Court's opinion.  *See* <u>Klank v. Sears, Roebuck & Co.</u>, 735 F.Supp. 260, 263 (7th Cir. 1990)(state claims against employer based on failure to disclose future severance package was not completely preempted; that plan would be referenced for damages did not bring claim within ERISA scope.).

Having determined that complete preemption does not apply, the next question is whether the district court should decline to exercise supplemental jurisdiction over the claims, since there are no federal claims left.  As already discussed, "if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over the state-law claims." Sullivan v. Conway, 157 F.3d 1092,  (7th Cir. 1998); Marzuki v. AT&T Technologies, Inc., 878 F.2d 203, 207 n.3 (7th Cir. 1989)("[W]hen a plaintiff amends the complaint in a properly removed case so that the claim giving rise to federal jurisdiction drops out of the case, any remaining state-law claims are normally dismissed without prejudice.").  Factors to consider include "judicial economy, convenience, fairness, and comity."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)(upholding district court's remand of case after plaintiff dropped federal claims).  Also relevant is whether the plaintiff is trying to manipulate the system.  Id. at 357 (Court may take into account whether the plaintiff is trying to "manipulate the forum.").  "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  Id. at 350.  If

appropriate, the case may be remanded to state court rather than dismissed. Id. at 351.

The parties do not address this issue, but the factors above point to remand in the Court's opinion. Plaintiff's clearly prefer to be in state court, but there is no suggestion of improper manipulation. The dropping of the federal claims is more likely a reflection of Plaintiffs' obtaining a new attorney, the district court's interpretation of count I as an ERISA claim, and perhaps the realization that an ERISA action against the plan is a quixotic endeavor.

Judicial economy does not point toward keeping the case. This case has not progressed far into the merits of the remaining claims. The bulk of the time has been spent on resolving removal objections and resolving the legal sufficiency of the original complaint. Discovery deadlines have not been set. Further, concerns of comity lean toward remand. Resolving the claims against Bastian will require application of Illinois common and statutory law on fraud, agency and insurance brokers, none of which has yet been explored by the parties in any detail. Lastly, remanding the case, instead of dismissing it, will ensure that the parties do not have to start from square one.

The Court will therefore recommend that this case be remanded to the Knox County Circuit Court. Given this recommendation, the Court states no opinion on whether the affirmative defense of conflict preemption applies. That decision should be left to the state court, when and if Bastian raises it.

WHEREFORE, the Court RECOMMENDS that Plaintiffs' motion to transfer be granted and this case be remanded to the Circuit Court for the Ninth Judicial Circuit in Knox County, Illinois.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: February 8, 2011

_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE