UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RADKE'S INC., SHERRY GRAHAM, LYNDON GRAHAM, <br><br> Plaintiffs, <br><br> v. <br><br> HAROLD O. BASTIAN, individually and d/b/a Medical Information Services, <br><br> Defendant. | Case No. 09-01258 |

## **O R D E R**

On February 8, 2011, a Report & Recommendation [#54] was filed by Magistrate Judge Byron G. Cudmore in the above captioned case recommending that the case be remanded back to state court. Defendant filed a timely response to the Report & Recommendation in the form of a Motion to Reconsider [#55]. For the reasons set forth below, the Report & Recommendation is ADOPTED, and the Motion to Reconsider is DENIED.

### **BACKGROUND**

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation arising from the denial of Plaintiff Sherry Graham's claim for payment of medical bills incurred during her fight with cancer. Plaintiff commenced the present litigation by filing a Complaint [#1] in Knox County, IL against several defendants. The action was removed to this Court on July 28, 2009 pursuant to 28 U.S.C. § 1441 as the Complaint stated a federal cause of action under the

Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1001 et seq.

On July 26, 2010, Plaintiffs, represented by new counsel, filed an Amended Complaint [#44], dropping the ERISA claim and dropping all defendants except for Defendant Harold E. Bastian ("Bastian"). In its present Amended Complaint, Plaintiffs have alleged claims against Bastian for (1) common law fraud; (2) statutory consumer fraud; and (3) breach of duty as agent. Along with their Amended Complaint, Plaintiffs filed a Motion to Transfer [#45], seeking to have the case remanded to state court. Defendant responded, and the Magistrate Judge issued a Report & Recommendation [#54] on February 8, 2011, recommending that the case be remanded to state court. Plaintiff filed a timely Motion to Reconsider [#55] on February 25, 2011.

## STANDARD OF REVIEW

A district court reviews de novo any portion of a magistrate judge's report and recommendation to which written objections have been made. See Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

## ANALYSIS

Defendant first objects generally to the Magistrate Judge's Order on the grounds that this Court should retain jurisdiction over Plaintiffs' claims based on the doctrine of complete preemption. The Magistrate Judge found that, because Plaintiffs' claims could not be characterized as claims for plan benefits or claims affecting the administration or financing of any ERISA plan, complete preemption does not apply. Furthermore, the Magistrate Judge found that Plaintiffs' claims do not arise from ERISA violations, nor were Plaintiffs beneficiaries under the plan at the time of the Defendant's alleged misrepresentations. For these reasons, the Magistrate Judge found that complete preemption did not apply.

In its objection to this finding, Defendant states that it "maintains its position in opposition to the plaintiff's Motion to Transfer." [#55, p.1]. Defendant elaborates on its general objection only to state that the Motion to Transfer be denied "based on Complete Preemption under ERISA 502(a)." *Id* at 2. Defendant makes no effort to apply law to the facts of record or cite to any additional authority. Perfunctory and undeveloped arguments may be deemed waived and do not warrant consideration on the merits by the Court in resolving the present Motion. *See Finance Investment Co. v. Geberit AG*, 165 F.3d 526 (7th Cir. 1998) (finding a perfunctory and undeveloped argument to be waived); *Volovsek v. Wisconsin Department of Agriculture, Trade and Consumer Protection*, 344 F.3d 680, 689 n.6 (7th Cir. 2003); *Indurante v. Local 705, International Brotherhood of Teamsters*, 160 F.3d 364, 366 (7th Cir. 1998); *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998), *cert. den.*, 119 S.Ct. 890 (1999). As such, this objection is deemed waived, and the Order of the Magistrate Judge granting the Motion to Transfer is adopted by this Court.

Defendant also specifically objects to the following sentence in the Magistrate Judge's opinion:

> Mahon and Pohl involved claims by a beneficiary against the plain itself, not claims against the individual who made the misrepresentation Bastian (*sic*). [#54, p.9]

Defendant claims that this sentence implies that the Court has made a factual finding indicating that Bastian made a misrepresentation to Plaintiffs. The Court does not agree that such a finding of fact is implied. Throughout the Order, the Magistrate Judge refers to the "alleged misrepresentation" by Bastian and does not state that such an issue of fact has been decided conclusively by the Court. This sentence merely alludes to the issue of misrepresentation in this case as a distinguishing fact from the Seventh Circuit cases cited. Thus, this portion of Defendant's

Motion to Reconsider is without merit.

## CONCLUSION

Accordingly, the Court now adopts the Report & Recommendation [#55] of the Magistrate Judge in full. Defendant's Motion to Reconsider [#54] is DENIED. The matter is remanded to Knox County, IL state court for further proceedings.

ENTERED this  2nd  day of March, 2011.

     /s Michael M. Mihm
Michael M. Mihm
United States District Judge